2019 IL App (1st) 171009-B
No. 1-17-1009
Opinion filed June 28, 2019

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RAFAEL MUNOZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 14 L 4331 |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Lorna E. Propes, |
| | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Mason and Walker* concurred in the judgment and opinion.

**OPINION**

¶ 1    Rafael Munoz, a railroad freight conductor, sued his employer, Norfolk Southern Railway Company (Norfolk), under the Federal Employee Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (2012)), claiming negligence for injuries he incurred at work. A jury awarded him $821,000, including $310,000 for past and future lost wages. After the verdict, Norfolk moved

---

*Justice Walker replaces Justice Neville, who was appointed to the Illinois Supreme Court after the court issued its original opinion.

for a setoff, claiming Munoz owed taxes on the lost wages under the Railroad Retirement Tax Act (RRTA) (I.R.C. § 3201 *et seq.* (2012)). The trial court denied the motion, relying on cases holding that, like personal injury judgments under section 104(a)(2) of the Internal Revenue Code (I.R.C. § 104(a)(2) (2012)), the RRTA does not require employers to withhold taxes for FELA personal injury awards.

¶ 2     Norfolk appealed, arguing section 104(a)(2) only applies to nonrailroad employees' personal injury awards. Moreover, Norfolk asserted that because the RRTA funds employees' retirement benefits provided by the Railroad Retirement Act of 1974 (RRA) (45 U.S.C. § 231 *et seq.* (2012)), the statutes should be read together. That makes a FELA award for lost wages taxable "compensation" subject to a withholding tax. Alternatively, Norfolk contended that if we found the applicable RRTA language ambiguous, we should look to Internal Revenue Service (IRS) regulations, which have interpreted "compensation" in the RRTA to include payments for lost wages.

¶ 3     We rejected Norfolk's arguments and affirmed the trial court. We found that the RRTA defines "compensation" as money paid to an employee for "services rendered" and that lost wages cannot be paid to an employee for "services rendered." Further, under the test in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), we found that we need not look to agency regulations for clarification where, as here, the statutory language provides an unambiguous expression of congressional intent. Because we affirmed on that basis, we did not consider the applicability of section 104(a)(2) to the RRTA.

¶ 4     After our decision, the United States Supreme Court held in *BNSF Ry. Co. v. Loos*, 586 U.S. ___, 139 S. Ct. 893 (2019), that FELA lost-wages awards constitute compensation subject to withholding taxes. The Illinois Supreme Court entered a supervisory order directing us to

vacate our initial judgment and consider the effect of *Loos*. *Munoz v. Norfolk Southern Ry. Co.*, No. 123894 (Ill. May 22, 2019). Based on *Loos*, we conclude Munoz's lost wages award to be compensation taxable under the RRTA. Thus, we vacate our prior disposition, reverse the order of the trial court, and remand for further proceedings.

¶ 5                                    Background

¶ 6     Munoz injured his shoulder and neck when a train he was working on in Norfolk's Calumet Yard came to a sudden stop. Munoz sued Norfolk for negligence under the FELA (45 U.S.C. § 51 *et seq.* (2012)), and sought damages for lost wages, medical bills, loss of future earning capacity, and pain and suffering. Norfolk admitted liability, leaving damages as the only issue. Norfolk asserted in a trial brief that any lost earnings award must be offset by Munoz's share of RRTA taxes, which, under the RRA, fund railroad employees' retirement benefits. The court did not address the issue at that time.

¶ 7     The trial court instructed the jury, in part, "If you find for the Plaintiff, any damages you award will not be subject to income taxes and therefore you should not consider taxes in fixing the amount of the verdict." The jury returned a verdict in Munoz's favor, awarding him $821,000 in damages, including $310,000 for past and future lost wages.

¶ 8     Norfolk filed a posttrial motion arguing it had a $14,560.79 statutory lien on the verdict for "sickness benefits" it paid Munoz and asking for a $16,610.23 setoff from Munoz's $310,000 lost wages award for his share of RRTA taxes. Munoz did not contest the lien for sickness benefits; however, as to his lost wages portion, Munoz contended lost wages should be treated no differently under the RRTA than other personal injury awards, which are not subject to income tax withholding under the Internal Revenue Code. See I.R.C. § 104(a)(2) (2012) ("gross income

does not include *** the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness").

¶ 9 After a hearing on the motion, the trial court followed the Missouri Supreme Court in *Mickey v. BNSF Ry. Co.*, 437 S.W.3d 207, 212 (Mo. 2014), which held, in part, that like the exclusion for personal injury awards under Internal Revenue Code section 104(a)(2), a FELA lost wages award does not constitute income and, therefore, does not qualify as taxable "compensation" under the RRTA. The trial court rejected the opposite result, which had been reached in *Heckman v. Burlington Northern Santa Fe Ry. Co.*, 837 N.W.2d 532, 543 (Neb. 2013) ("Under the RRA, the entire award is compensation subject to RRTA taxes that must be paid by the employer.").

¶ 10                                    Analysis

¶ 11 Norfolk contends the RRTA is not ambiguous, asserting that the plain language of the statute, when read in conjunction with the RRA, supports a finding that a FELA lost wages award is compensation subject to withholding taxes. Alternatively, Norfolk asserts that if we find the RRTA language is ambiguous, we should look to IRS regulations and RRA information notices, which support withholding.

¶ 12 When Congress enacted the RRTA in 1937, it defined "compensation" to include lost wages. But, Congress amended the statute in 1975 (Railroad Retirement Tax Act, Pub. L. No. 94-93, § 204, 90 Stat. 466 (1975)) and again in 1983 (Railroad Retirement Solvency Act of 1983, Pub. L. No. 98-76, § 225(a)), 97 Stat. 411, 424 (1983)), removing all reference to "pay for time lost." Section 3231(e)(1) of the RRTA now defines compensation as "any form of money

remuneration paid to an individual for services rendered as an employee to one or more employers." I.R.C. § 3231(e)(1) (2012). Section 3231(e)(1) includes numerous exceptions to its definition of compensation, none of which refer to lost wages or FELA awards.

¶ 13    For years, it was generally accepted that, like damages for personal injury awards under section 104(a)(2) of the Internal Revenue Code, neither RRTA nor the IRS required railroads to withhold taxes when paying FELA judgments. Jeffrey R. White, *The Taxman Cometh to Your FELA Judgment*, 50-APR Trial 16, 18 (2014). Then, in 2013, the Nebraska Supreme Court issued an opinion in *Heckman*, 837 N.W.2d at 543, holding that a general verdict in a FELA case presumes to be for time lost, making the entire award subject to RRTA withholding taxes.

¶ 14    Several state supreme courts followed *Heckman*'s lead, holding that FELA lost wages awards constitute compensation subject to RRTA taxes. See *Liberatore v. Mononogahela Ry. Co.*, 2016 PA Super 79, and *Phillips v. Chicago Central & Pacific R.R. Co.*, 853 N.W.2d 636 (Iowa 2014). Others found that "compensation" does not include FELA damages for lost wages and thus, they were not subject to withholding. See, *e.g.*, *Mickey*, 437 S.W.3d 207, and *Loy v. Norfolk Southern Ry. Co.*, No. 3:12-CV-96-TLS, 2016 WL 1425952 (N.D. Ind. Apr. 12, 2016). In *Loos v. BNSF Ry. Co.*, 865 F.3d 1106 (8th Cir. 2017), the Eighth Circuit Court of Appeals adopted this view, prompting the United States Supreme Court to grant review to resolve the division of opinion. *Loos*, 586 U.S. ___, 139 S. Ct. 893.

¶ 15    In *Loos*, the plaintiff sued his employer, BNSF, alleging the railroad negligently caused his knee injury. *Loos*, 865 F.3d at 1009-10. The FELA claim resulted in a jury verdict in Loos's favor for pain and emotional distress, lost wages, and past medical expenses. *Id.* at 1111. BNSF moved to offset the lost wages award by the amount of Loos's share of taxes owed under RRTA.

*Id.* The trial court denied the motion, finding that no RRTA tax to be owed on the award, and the appellate court affirmed. *Id.*

¶ 16   The Supreme Court reversed. *Loos*, 586 U.S. ___, 139 S. Ct. 893. The Court noted that taxes under the RRTA are measured by an employee's "compensation," which the RRTA defines as "any form of money remuneration paid to an individual for services rendered as an employee" (I.R.C. § 3231(e)(1) (2012)). *Loos*, 586 U.S. at ___, 139 S. Ct. at 895. The Court found this definition textually similar to the definition of "wages" in the Federal Insurance Contributions Act (FICA) (I.R.C. § 3101 *et seq.* (2012)) and the Social Security Act (SSA) (42 U.S.C. § 301 *et seq.* (2012)). *Loos*, 586 U.S. at ___, 139 S. Ct. at 899. The Court found its earlier holdings in *Social Security Board v. Nierotko,* 327 U.S. 358 (1946), and *United States v. Quality Stores, Inc.*, 572 U.S. 141 (2014), helpful in defining the term "compensation" under the RRTA. The Court noted that in *Nierotko* and *Quality Stores*, "wages" under the SSA and FICA included awards of backpay and severance payments, respectively, because those awards represented pay for active service as well as pay for periods of absence from active service. In line with those cases, the Court concluded that "compensation" under the RRTA can encompass pay for periods of absence from active service, as long as the remuneration in question "stems from the 'employer-employee relationship.' " *Loos*, 586 U.S. at ___, 139 S. Ct. at 900 (quoting *Nierotko*, 327 U.S. at 366).

¶ 17   The Court found that damages for lost wages awarded under the FELA "fit comfortably" within that definition. Like backpay, lost wages damages compensate an employee for time during which he or she is " 'wrongfully separated from [work].' " *Id.* at ___, 139 S. Ct. at 900 (quoting *Nierotko*, 327 U.S. at 364). Thus, just as backpay falls within the definition of wages,

- 6 -

FELA damages for lost wages qualify as "compensation" and are taxable under the RRTA. *Id.* at ___, 139 S. Ct. at 901.

¶ 18    The Court also rejected the Eighth Circuit's finding that the 1975 and 1983 amendments to the RRTA show that "compensation" no longer includes pays for time lost. *Id.* at ___, 139 S. Ct. at 901; *Loos*, 865 F.3d at 1119. The Court found that the 1975 amendment left unaltered the language, "remuneration *** for services rendered as an employee" and did not alter RRTA's description of pay for time lost. (Internal quotation marks omitted.) *Loos*, 586 U.S. at ___, 139 S. Ct. at 901. And, the 1983 amendment involved only "technical amendments" related to changing from monthly to annual computation of compensation. The Court concluded that the language of the RRTA "continues to indicate that 'compensation' encompasses pay for time lost." *Id.* at ___, 139 S. Ct. at 901.

¶ 19    The Court rejected Loos's assertion that FELA damages should not be deemed "compensation" because they are "involuntary payments" that compensate an employee for an injury rather than for services rendered. The Court noted that in *Nierotko*, an award of backpay compensating an employee for his wrongful discharge were "wages" under the SSA, even though it was "occasioned by 'the employer's wrong.' " *Id.* at ___, 139 S. Ct. at 902 (quoting *Nierotko*, 327 U.S. at 364). "Applying that reasoning," the Court stated, "there should be no dispositive difference between a payment voluntarily made and one required by law." *Id.* at ___, 139 S. Ct. at 902.

¶ 20    Lastly, the Court rejected Loos's assertion that the exclusion of personal injury damages from federal income taxation under section 104(a)(2) of the Internal Revenue Code applies to FELA damages. Section 104(a)(2) exempts from federal income tax "damages *** received *** on account of personal physical injuries" by excluding those damages from "gross income."

I.R.C. § 104(a)(2) (2012). Loos argued that the exclusion of personal injury damages from "gross income" should carry over the RRTA's tax on the income of railroad workers. The Court found the argument "unconvincing" because it conflates "gross income" under the Internal Revenue Code with "compensation" under the RRTA, which Congress kept as discrete tax bases. *Loos*, 586 U.S. at ___, 139 S. Ct. at 903. Further, Congress did not adopt for RRTA purposes the exclusion of personal injury damages from the federal income tax in section 104(a)(2). Accordingly, section 104(a)(2) does not exempt FELA damages from the RRTA's income and excise taxes. *Id.* at ___, 139 S. Ct. at 904.

¶ 21    In light of the holding in *Loos*, we conclude that Munoz's FELA award is subject to withholding under RRTA, and the trial court erred in denying Norfolk's motion for a setoff. We reverse and remand for further proceedings.

¶ 22    Reversed and remanded.